UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENIN STEVEN ALMENDAREZ-ZEVALLOS,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 2:26-cv-00856-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 9)

Petitioner Kenin Steven Alemdnarez-Zevallos is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 9.) Specifically, the magistrate judge adopted the undersigned's prior reasoning in its March 19, 2026 order granting petitioner preliminary injunctive relief (Doc. No. 7) and concluded that due process required a pre-deprivation hearing prior to petitioner's re-detention. (Doc. No. 9 at 1–2.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 2.)

On July 28, 2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 10.) Therein, respondents argue that indefinite detention is permitted by due process without a bond hearing based on the Ninth Circuit's decision in *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995), *superseded by statute as stated in Xi v. I.N.S.*, 298 F.3d 832, 837–38 (9th Cir. 2002). The court has previously rejected this argument for several reasons, including that respondents' counsel's summary of the holding in *Barrera-Echavarria* is a misstatement of the Ninth Circuit's holding. *See Lopez-Morales v. Warden*, No. 1:26-cv-02416-DAD-SCR (HC), 2026 WL 2078904, at *1 (E.D. Cal. July 17, 2026) (explaining to the same counsel for the second time that *Barrera-Echavarria* does not stand for the proposition advanced by respondents). The court again rejects this argument and encourages counsel for respondent to review the cases relied upon before citing them in future briefing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on July 21, 2026 (Doc. No. 9) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence; and

/////

/////

/////

/////

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE